# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. PINES,<br><br>  Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No.  CV 11-7581 RGK (MRW)<br><br>ORDER DISMISSING ACTION |

The Court dismisses Plaintiff's civil action for: (a) failure to file an amended complaint containing exhibits referenced in the pleading; and (b) failure to prosecute or obey court orders.

Plaintiff filed this federal civil rights action in September 2011. According to the face of the complaint, Plaintiff is an inactive attorney who was the subject of various criminal cases in Southern California. (Complaint at ¶ 5.) He is representing himself pro se in this civil action alleging constitutional violations against a variety of state and county defendants.

Plaintiff's complaint refers to unidentified documents attached at "Exhibit A" to the pleading. The complaint, as filed with the Court, fails to contain

any such exhibit. As a result, the Court issued an order requiring plaintiff to file an amended complaint containing the referenced materials by or before October 14, 2011. (Docket # 5.) Plaintiff did not comply with the Court's order.

The Court subsequently issued an order to show cause why the case should not be dismissed for failure to prosecute or comply with a court order in violation of Fedral Rule of Civil Procedure 41. (Docket # 6.) To discharge the OSC and avoid dismissal, the Court ordered Plaintiff to file: (a) an amended complaint containing all referenced materials; and (b) a sworn declaration indicating why plaintiff failed to comply with the Court's previous order by or before November 2, 2011.

Plaintiff failed to file anything with the Court by the deadline. Plaintiff also does not appear to have served any of the defendants with the complaint; the Court's docket does not reflect any responsive pleading filed by any of the defendants or any proof of service.

* * *

Plaintiff's complaint makes serious allegations against many public agencies and officials. Those allegations apparently relate to a document identified in, but not attached to, the complaint. The incomplete pleading fails to properly give notice to the named defendants regarding Plaintiff's claim.

In addition to the substantive defect with the complaint, Plaintiff failed to file an amended complaint or declaration in response to the Court's previous orders or to otherwise prosecute his case. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of

2

1  litigation, the court's need to manage its docket, and to avoid the risk of prejudice
2  to defendants.  <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010); <u>Ferdik</u>
3  <u>v. Bonzelet</u>, 963 F.2d 1258, 1263 (9th Cir. 1992).

    In the present case, the Court informed Plaintiff that he could not proceed with his civil action as pled.  The Court instructed Plaintiff to file an amended, complete complaint containing all referenced documents, and to submit a declaration explaining his failure to comply with an earlier court order.  Petitioner failed to file <u>any</u> response to the Court's previous orders.  As a result, the Court concludes that Plaintiff does not have any continued interest in advancing his civil action here.  By contrast, the Court, the unserved defendants, and the public have a strong interest in terminating this action.  The Court therefore finds that dismissal is appropriate under Rule 41(b).

    The Court therefore orders that the case be DISMISSED without prejudice for the reasons stated above.

    IT IS SO ORDERED.

DATED: November 23, 2011

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE